GUIDRY, Judge.
Plaintiff-appellant, American Security Bank of Ville Platte (hereafter “American”), originally sued E-Z Pik, Inc., Terry Fusilier, and Cecil LeBas on eight promissory notes allegedly executed by or on behalf of the defendants.
*1114 On August 13, 1984, plaintiff filed a motion for summary judgment against defendants, Terry Fusilier and E-Z Pik, reserving its right to proceed against defendant Cecil LeBas. Following a hearing on this motion, judgment was rendered and signed on October 25, 1984 in favor of American and against Fusilier and E-Z Pik, jointly and insólido, on all eight promissory notes. In this judgment, American’s rights against LeBas were reserved. This judgment is now final.
Thereafter, plaintiff proceeded against defendant, Cecil LeBas, praying that the district court hold defendant LeBas solidarity liable with defendants, Fuselier and E-Z Pik, for the full amount of all eight promissory notes listed in the October 25, 1984 judgment.
In his reasons for judgment on American’s claim against LeBas, the trial judge explained the history of the case:
[[Image here]]
The motion [for summary judgment] was heard on October 8, 1984, and a judgment in favor of plaintiff-movant, American Security Bank of Ville Platte, and against defendants E-Z-Pik, Inc. and Terry Fuselier [sic], jointly and in solido, was rendered on October 25, 1984, all as will be more fully shown by reference to said judgment in the record of the suit herein.
The judgment against E-Z-Pik, Inc. and Terry Fuselier [sic] jointly and in solido amounts to $59,449.30 plus interest from various dates, and at different rates, plus attorney fees of 25% on the total amount of principal and interest unpaid....
The judgment rendered on October 25, 1984, does not correctly reflect the amounts due American Security Bank. There were payments made to the American Security Bank on notes numbers 2, 3, 4 and 8, on October 23, 1984. That was two days prior to the rendering of the judgment and the court was unaware of said payments. Notes No. 2, 3, 4 and 8, which appear as items ‘A’ ‘B’ ‘C’ and ‘F’. Notes 2, 4 and 8 were paid in full, and a payment of $2,262.63 was made on Note ¶13. Later when the American Security Bank had the property of Terry G. Fuse-lier [sic] seized and sold at public sale, a further amount of $14,188.66 was applied to note No. 3 on February 14, 1985, according to information furnished the court by attorney for plaintiff ...”
The trial court held that E-Z Pik, Inc. was the alter ego of both Terry Fusilier and Cecil LeBas and that, in essence, Fusilier and LeBas should be treated as partners or participants in a joint venture. Based on this finding, the district court held LeBas liable for his virile share of the then remaining debt (principal, interest and attorney’s fees).
Plaintiff has appealed that judgment[1] arguing that the trial court erred in the following respects: (1) failing to find defendant LeBas to be solidarity liable with Fusilier on the eight notes; (2) failure to find LeBas liable for one-half (his virile share) of the entire indebtedness (subject only to a set-off for the amount derived by plaintiff by tender of a certificate of deposit in the name of E-Z Pik); and, (3) failing to find *1115 LeBas liable for the attorney’s fees on the previously paid notes.
In brief, appellant states: “[w]e do not disagree with the court’s finding the business between Terry Fusilier and Cecil R. LeBas known as E-Z Pik, to be a partnership. This is a correct finding of the court.”
Since appellant does not question the trial court’s conclusion that E-Z Pik should be considered as a partnership or joint venture composed of Terry Fusilier and Cecil Le-Bas, we do not review the soundness of the trial court’s conclusion in this regard. Since appellant accepts this conclusion as correct, we will consider its specifications of error in light of same.
Cecil LeBas testified that he did not sign any of the notes at issue. Terry Fusilier testified that he thought LeBas signed some of the notes but, in any event, he signed any notes not personally signed by LeBas on LeBas’ behalf and with the full knowledge and permission of Cecil LeBas.
The trial court did not resolve this conflict in evidence with specificity. However, if the trial court believed that the notes were indeed signed by Cecil LeBas or by Fusilier on behalf of LeBas with full authority, then, by the terms of the notes, the trial judge would have been obligated to find LeBas solidarily liable for the full amounts thereof. Accordingly, since appel-lee was held liable only for his virile share, we must assume that the trial court concluded that LeBas’ liability arose from another source.
La.C.C. art. 2816 states:
“An obligation contracted for the partnership by a partner in his own name binds the partnership if the partnership benefits by the transaction or the transaction involves matters in the ordinary course of its business. If the partnership is so bound, it can enforce the contract in its own name.”
La.C.C. art. 2817 states:
“A partnership as principal obligor is primarily liable for its debts. A partner is bound for his virile share of the debts of the partnership but may plead discussion of the assets of the partnership.”
Terry Fusilier admitted that he signed all of the notes (1 through 8) on behalf of E-Z Pik and in “the ordinary course of its business”. Therefore, assuming that Cecil Le-Bas’ name did not even appear on the notes, he would still be responsible for his virile share. See also La.C.C. art. 2814.
Fusilier’s endorsement of the notes on behalf of LeBas could not bind LeBas individually, but, under the civil code articles noted above, and in light of the trial court’s conclusion as to the status of Fusilier and LeBas, which neither American nor LeBas questions, Fusilier’s signature on the notes did obligate LeBas for his virile share of the indebtedness as a partner in E-Z Pik. Appellant’s first assignment of error is therefore without merit.
At the time of the litigation between American and LeBas, part of the debt of the defendants to American had already been liquidated (see the trial court’s reasons for judgment quoted, supra). Under La.C.C. art. 2817, a partnership is primarily liable for its debts. It is of no import to the creditor of the partnership from whom his payment comes. Once the obligation is extinguished he no longer has a vested interest in it. American can hardly argue, at this point, that the payments made by or on behalf of Fusilier should be applicable only to his virile share since, by the judgment of October 25, 1984, Fusilier was made liable for the entire debt represented by all eight notes; and, American itself applied the payments made by Fusilier so as to extinguish the indebtedness represented by Notes 2, 4 and 8 and so as to reduce the indebtedness represented by Note 3. Thus, the three notes that were paid in full before LeBas was cast in judgment cannot be made the basis for a judgment against him; neither can that portion ($16,451.29) of the $25,449.30 note, which had been extinguished. While Fusilier may have an action against LeBas for contribution, which we do not decide as that issue is not before us, the bank cannot secure judgment against LeBas for partnership debts *1116 previously paid. Specification of error number two likewise lacks merit.
We do, however, find partial merit in appellant’s specification of error number three. The trial judge found Cecil LeBas liable for his virile share of the existing debts of E-Z Pik. LeBas did not appeal nor has he answered American’s appeal. Therefore, this finding by the trial court is conclusive as to LeBas. Even though some of the notes (debts) due by E-Z Pik had been paid in full (Notes 2, 4 and 8), only partial payment was made on Note 3, which partial payment, according to the record, did not include any payment of attorney’s fees. Therefore, LeBas is responsible for his virile share of the attorney’s fees due on the entire amount of Note 3. LeBas is not responsible for attorney’s fees on Notes 2, 4 and 8, which, according to the record, were paid in full prior to rendition of judgment against LeBas. We will amend the judgment accordingly.
Accordingly, for the reasons stated above, the judgment appealed from is amended to hold Cecil LeBas liable for one-half of all attorney’s fees due on Note 3. In all other respects, the judgment appealed from is affirmed. The costs of these proceedings are to be borne by appellant.
AFFIRMED AS AMENDED.

.The judgment in favor of American and against LeBas reads in part as follows:
"IT IS ORDERED, ADJUDGED AND DECREED, that there be Judgment in favor of Plaintiff, AMERICAN SECURITY BANK OF VILLE PLATTE, and against the Defendants [sic], CECIL L. LEBAS, for ONE-HALF of the following amounts, to wit:
1. For the sum of $8,589.00 plus interest at the rate of 15.9% per annum from 2/14/85, until paid, and 25% attorney fees on the principal and interest unpaid;
2. For the sum of $5,000.00 plus interest at the rate of 14.5% per cent per annum from November 9, 1982, until paid, and attorney fees of 25% on principal and interest unpaid;
3. For the sum of $5,000.00 plus interest at the rate of 14.9% per annum from January 13, 1983 until paid, and attorney fees of 25% on principal and interest unpaid;
4. For the sum of $5,000.00 plus interest at the rate of 13.5% per annum from February 14, 1983, until paid, and attorney fees of 25% on principal and interest unpaid;
5. For the sum of $5,000.00 plus interest at the rate of 12% per annum from March 21, 1983, until paid, and attorney fees of 25% on principal and interest unpaid.”